UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CELSUS SHIPHOLDING CORP.,               :
                                        :
                     Plaintiff,         :
                                        :    06 Civ. 13598 (DLC)
          -v-                           :
                                        :    MEMORANDUM
PT. PELAYARAN KANAKA DWIMITRA           :    OPINION & ORDER
MANUNGGAL,                              :
                                        :
                     Defendant.         :
---------------------------------------- X

DENISE COTE, District Judge:

On January 10, 2008, plaintiff filed a motion to confirm and enforce an arbitration award, and for interest, attorneys' fees, and costs. An Order of January 11 advised the parties that the motion for confirmation would be treated as a motion for summary judgment and set a briefing schedule for the motion. By that Order, defendant was required to submit its opposition to plaintiff's motion no later than February 7; defendant has not opposed the motion. For the following reasons, plaintiff's motion for summary judgment is granted.

BACKGROUND

The parties entered into a charter party contract dated September 21, 2005 for the chartering of plaintiff's vessel, the NIRIA. Defendant failed to pay the full amount of charter hire due under the charter party. Pursuant to an arbitration

provision in the agreement, the parties submitted their claims for arbitration under English law in London.  Defendant actively participated in the arbitration proceeding by submitting counterclaims and defending against plaintiff's claims.

Plaintiff commenced this action on November 30, 2006, and obtained an Order directing the Clerk of Court to issue a Process of Maritime Attachment and Garnishment ("PMAG") against defendant.  The PMAG resulted in the attachment of $48,392.24 of defendant's funds.  On June 19, 2007, a final arbitration award was issued in London dismissing defendant's counterclaims and awarding plaintiff $154,572.08 in damages, £4,750 in arbitration costs, and £4,250 in arbitrator fees, plus interest until the date of payment.[1]  Defendant has not appealed the award, and its time for taking such an appeal under English law has expired.  Plaintiff now seeks confirmation of the arbitration award, pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), implemented by 9 U.S.C. §§ 201-08.  Plaintiff also seeks interest, as well as attorneys' fees and costs it incurred in bringing this action.

---

[1] Plaintiff has converted the arbitration fees and costs awards into U.S. dollars at the average exchange rate of English pounds to dollars on the date the arbitration award was issued.  Using that exchange rate, the arbitration award totals $172,406.48 in damages, fees, and costs, plus interest as provided in the award.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must

3

grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). "[T]he showing required to avoid confirmation is very high," id., and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). The New York Convention "specifies seven exclusive grounds upon which courts may refuse to recognize an award," and "[g]iven the strong public policy in favor of international arbitration, review of arbitral awards under the New York Convention is very limited." Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc., 403 F.3d 85, 90 (2d Cir. 2005) (citation omitted).

Plaintiff has sufficiently supported its petition and demonstrated that there is no question of material fact. Defendant has not submitted any opposition to raise a question of fact. Therefore, the motion to confirm the arbitration award is granted.

Petitioners also seek attorneys' fees and costs for the confirmation proceeding. They do not point to any statutory or contractual authority for such legal fees. Nonetheless,

> [p]ursuant to its inherent equitable powers, . . . a
> court may award attorney's fees when the opposing
> counsel acts in bad faith, vexatiously, wantonly, or

4

for oppressive reasons. As applied to suits for the
confirmation and enforcement of arbitration awards,
. . . when a challenger refuses to abide by an
arbitrator's decision without justification,
attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir.1985) (citation omitted). Here, the defendant has presented no justification or reason for its failure to abide by the arbitrator's decision. Therefore, the request for attorneys' fees and costs for the confirmation proceeding is granted in the amount of $3,392.64.

CONCLUSION

The motion to confirm the arbitration award in the amount of $172,406.48 plus interest is granted. In addition, plaintiff is awarded attorneys' fees and costs in the amount of $3,392.64. The Clerk of Court shall enter judgment for the plaintiff and close the case.

SO ORDERED:

Dated:   New York, New York
         February 21, 2008

DENISE COTE
United States District Judge